IN THE SUPREME COURT OF THE STATE OF DELAWARE

ROGER STUART,[1]      §
     § No. 83, 2023
    Petitioner Below,      §
    Appellant,      § Court Below: Family Court
     § of the State of Delaware
    v.      §
     § File No. CN20-04237
PATRICIA DAVIS STUART,      § Petition No. 20-22126
     §         22-06786
    Respondent Below,      §
    Appellee.      §

Submitted: March 16, 2023
Decided: March 21, 2023

Before **SEITZ**, Chief Justice; **VAUGHN** and **TRAYNOR**, Justices.

## **ORDER**

(1)    On March 6, 2023, the appellant filed a notice of appeal from an order of the Family Court, dated and docketed on January 31, 2023, deciding matters ancillary to the parties' divorce. Under Supreme Court Rule 6(a)(i), a timely notice of appeal should have been filed, at the latest, by March 2, 2023.[2] The Clerk of this Court issued a notice directing the appellant to show cause why this appeal should not be dismissed as untimely filed. In response to the notice, the appellant asserts that he did not receive the Family Court's order until February 13, 2023, and that he

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

[2] *See* DEL. SUPR. CT. R. 6(a)(i) (providing that a notice of appeal in a civil case shall be filed "[w]ithin 30 days after entry upon the docket of a judgment, order or decree from which the appeal is taken").

filed the notice of appeal as soon as he was able, given his therapy schedule following back surgery.

(2) Time is a jurisdictional requirement.[3] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[4] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements.[5] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[6] "Medical hardship does not excuse failure to comply strictly with the jurisdictional time requirement for filing an appeal."[7]

(3) The appellant has not demonstrated that his failure to file a timely notice of appeal is attributable to court-related personnel. The appeal must therefore be dismissed.[8]

---

[3] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[4] SUPR. CT. R. 10(a).

[5] *Rogers v. Morgan*, 2019 WL 168667 (Del. Jan. 10, 2019); *Taylor v. Powell*, 2015 WL 2452916 (Del. May 20, 2015).

[6] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

[7] *Bivens v. Barkley*, 2014 WL 3658818, at * (Del. July 22, 2014).

[8] *See, e.g.*, *Porter v. Townsend*, 2022 WL 905750 (Del. Mar. 28, 2022) (dismissing untimely appeal in which appellant stated in response to notice to show cause that he had contracted COVID-19 and was in very poor health); *Rogers*, 2019 WL 168667 (dismissing untimely appeal in which appellant attributed delay, in part, to postal delays resulting from moving out of the parties' home after the Family Court ordered the house to be sold); *Alford v. State*, 2013 WL 3484679 (Del. July 8, 2013) (dismissing untimely appeal in which appellant stated in response to notice to show cause that effects of heart surgery had contributed to the untimely filing); *Washington v. Div. of Fam.*

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

*Servs.*, 2011 WL 6201770 (Del. Dec. 13, 2011) (dismissing appeal that was filed three days late, in which appellant stated in response to the notice to show cause that she had been in ill health).